James Fitzsimmons, Appellant, *v.* Safe Deposit and Trust Company.

*Attorney at law—Counsel fee—Executors and administrators—Expenses of administration—Exclusive jurisdiction of orphans' court.*

Attorneys' fees for services rendered to an executor are part of the expenses of administration, of which the orphans' court has exclusive jurisdiction.

Where an attorney at law has rendered professional services to an executor after the death of the testator, and the executor has subsequently resigned, and an administrator d. b. n. c. t. a. has been appointed in his place, the attorney cannot recover in an action at law in the common pleas against the administrator d. b. n. c. t. a. for the services rendered to the executor.

Argued Nov. 14, 1898.    Appeal, No. 177, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny County,

April T., 1897, No. 581, on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover counsel fees. Before FRAZER, J.

At the trial it appeared that John Kalbfell died on June 19, 1894, leaving a will appointing Henry W. Kalbfell, his son, as his executor. The plaintiff, an attorney at law, was employed by the executor, and rendered the services to the estate for which this suit was brought. The executor subsequently resigned, and the Safe Deposit & Trust Company was appointed administrator d. b. n. c. t. a. of the estate.

The trial judge charged the jury that the orphans' court had exclusive jurisdiction of the plaintiff's claim, and directed them to return a verdict in favor of the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was the instruction of the court.

*T. B. Alcorn*, for appellant.—Plaintiff was entitled to have his claim passed upon by a jury : North Penna. Coal Co. v. Snowden, 42 Pa. 488; Trimble's App., 6 Watts, 133; Phillips v. A. V. R. R., 107 Pa. 465; VanDyke's App., 60 Pa. 481; McLean v. Wade, 53 Pa. 146; Sargeant v. Ewing, 30 Pa. 75; Sargeant v. Ewing, 36 Pa. 156; Wilson's App., 3 Walker, 216; Newbaker v. Alricks, 5 Watts, 185; Furney's App., 12 W. N. C. 82; Barr v. Craig, 2 Dall. 151; Miller v. Ord, 2 Binney, 385; Wilson v. Wilson, 3 Binney, 557; Pringle v. Pringle, 130 Pa. 568; Griffith v. Chew, 8 S. & R. 17; Bixler v. Kunkle, 17 S. & R. 304; Richardson v. Richardson, 9 Pa. 432; Freeman v. Shreve, 86 Pa. 135; McKelvy's & Sterrett's · App., 108 Pa. 615; Swain v. Ettling, 32 Pa. 486; Haviland v. Fidelity Ins. T. & S. Dep. Co., 108 Pa. 237; Strouse v. Lawrence, 160 Pa. 421.

*Alex. Gilfillan*, with him *R. B. Scandrett*, for appellee.—The orphans' court had exclusive jurisdiction : Shollenberger's App., 21 Pa. 337; Horner & Roberts v. Hasbrouck, 41 Pa. 169; Kittera's Est., 17 Pa. 422; Ashford v. Ewing, 25 Pa. 213; Black v. Black, 34 Pa. 354; Strouse v. Lawrence, 160 Pa. 421; Hammett's App., 83 Pa. 392; Tyson v. Rittenhouse, 186 Pa. 137;

Phillips v. A. V. R. R., 107 Pa. 465; Whiteside v. Whiteside, 20 Pa. 473; Holliday v. Ward, 19 Pa. 485; Bennett's Est., 132 Pa. 201; Com. v. Raser, 62 Pa. 436; Johnstone v. Fritz, 159 Pa. 378; Cahill's Est., 38 Leg. Int. 270.

PER CURIAM, January 3, 1899:

It may be that if the professional services of the plaintiff had been rendered to the decedent in his lifetime, the .common pleas would have full jurisdiction to determine the amount due and enter judgment. But the services were rendered to the executor after the death of the testator. The fees due the plaintiff were then part of the expenses of administration of the estate in the orphans' court, and that court has exclusive jurisdiction. The executor who resigned might just as well bring suit against this one for his commissions.

Decree affirmed and appeal dismissed at the cost of the appellant.